**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000914**
**22-NOV-2016**
**08:42 AM**

NO. CAAP-15-0000914

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LOUIS L. PALAMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTC-15-000300)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Louis L. Palama, aka Louis Palama and Louis L.K. Palama (**Palama**) appeals from the "Judgment and Notice of Entry of Judgment," filed on November 12, 2015 in the District Court of the Fifth Circuit[1] (**district court**).

Palama was convicted of driving without a valid driver license, in violation of Hawaii Revised Statute (**HRS**) § 286-102 (2007 Repl.)[2] as a misdemeanor and no motor vehicle insurance, in

---

[1]    The Honorable Joe P. Moss presided.

[2]    HRS § 286-102(a) provides:

§286-102 **Licensing.** (a)  [Subsection effective until December 31, 2015.  For subsection effective January 1, 2016, see Supp. 2015]  No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

violation of HRS § 431:10C-104(a) (2005 Repl.).[3]

On appeal, Palama contends the district court erred by

(1) denying his Motion to Dismiss for Lack of Jurisdiction,

(2) denying his oral Motion to Dismiss because Count I of the Amended Complaint failed to state an offense and the term "operate" failed to give him adequate notice of the nature of the charge, and

(3) finding there was sufficient evidence to convict him of both charges.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Palama's points of error as follows:

(1) Palama's claim that the district court lacked jurisdiction is without merit. State v. Kaulia, 128 Hawai'i 479, 486-87, 291 P.3d 377, 384-85 (2013).

(2) Palama's claim that the charge of no driver's license, in violation of HRS § 286-102, failed to state an essential element of the charge, i.e. driving on a public road, way, street, or highway, is without merit. The plain language of HRS § 286-102(a) does not limit driving without a license to

---

[3]     HRS § 431:10C-104 provides:

§431:10C-104 **Conditions of operation and registration of motor vehicles.** (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

(c) Any person who violates the provisions of this section shall be subject to the provisions of section 431:10C-117(a).

(d) The provisions of this article shall not apply to any vehicle owned by or registered in the name of any agency of the federal government, or to any antique motor vehicle as defined in section 249-1.

public roads. <u>State v. Kelekolio</u>, 94 Hawai'i 354, 356-61, 14 P.3d 364, 366-71 (App. 2000) Therefore, the charge did not omit an essential element of the offense by failing to specify that the offense occurred on a public street, way, road, or highway.

(3) Palama contends there was insufficient evidence to convict him of violating HRS § 286-102 and HRS § 431:10C-104. Palama claims the State failed to prove that he had two or more prior convictions for violating HRS § 286-102 within the five-year period preceding the instant offense, failed to prove he had one prior offense for violating HRS § 431:10C-104 within five years prior to the instant offense, and failed to prove that Palama was exempt from licensure under HRS § 286-105 (2007 Repl.).[4]

---

[4] HRS § 286-105 states:

§286-105 **What persons are exempt from license.** The following persons are exempt from license:

(1) Any person while driving or operating a motor vehicle in the service or employ of any branch or agency of the federal government; provided that the person has received a license or permit from the branch or agency to operate and drive the motor vehicle; provided further that the branch or agency has been duly authorized by the federal government to issue the license or permit;

(2) Any person while driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway; provided that no person under the age of thirteen years shall be permitted to drive or operate any such road machine, farm tractor, or implement of husbandry on a highway;

(3) Any person who is at least eighteen years of age and who has in the person's possession a valid driver's license to drive the categories of motor vehicles listed in section 286-102(b), except section 286-102(b)(4), that is equivalent to a driver's license issued in this State but was issued to the person in another state of the United States, the Commonwealth of Puerto Rico, United States Virgin Islands, American Samoa, Guam, a province of the Dominion of Canada, or the Commonwealth of the Northern Mariana Islands for that category of motor vehicle which the person is operating;

(4) Any person who has in the person's possession a valid commercial motor vehicle driver's license issued by any state of the United States, Mexico, or a province of the Dominion of Canada

(continued...)

3

At the close of trial, the district court stated that the record did not reflect that Exhibit P-2 was admitted and the following exchange occurred:

| [Deputy Prosecuting Attorney (**DPA**):] | Oh, (inaudible). I have it moved in and I did ask - - |
|---|---|
| The Court: | You do? |
| [DPA]: | Yes, it is. |
| The Court: | Okay. Then I forgot to check it. Okay. Thank you. Okay. So we have P-1 through P-6 admitted. Anything else? Any other witnesses? (emphasis added) |
| [DPA]: | No, Your Honor. |

The district court admitted Exhibit P-2 into evidence without objection by Palama. Therefore, any error in admitting Exhibit P-2 is waived. Exhibit P-2 is a certified copy of a "Judgment/Order and Notice of Entry of Judgment/Order," filed on May 8, 2014 in case No. 5DTC-13-002228, which showed a person named Louis L. Palama was convicted of violating HRS § 286-102 and HRS § 431:10C-104. Exhibit P-4, which Palama does not challenge, contains a copy of the citation for 5DTC-13-002228, which showed a person named Louis Palama was cited for violating HRS § 286-102 and HRS § 431:10C-104. The citation also contained a date of birth and last four digits of a social security number. Palama's citation in this case contained the same date of birth and last four digits of a social security number as the ones in 5DTC-13-002228. There was evidence that Palama was cited and convicted in violation of HRS § 286-102 and HRS § 431:10C-104 on

---

[4] (...continued)

that issues licenses in accordance with the minimum federal standards for the issuance of commercial motor vehicle driver's licenses; and

(5) Any person who drives or operates state or county motor vehicles while employed by, in the service of, or volunteering for the state or county fire departments, provided that they are trained and certified to drive category (4) motor vehicles as set forth in section 286-102(b)(4) by the state or county government, as appropriate, and provided that the person maintains a category (3) license as set forth in section 286-102(b)(3).

May 8, 2014.

Exhibit P-5, a certified copy of a "Judgment of Conviction and Probation Sentence" in Cr. No. 10-1-0283, originally filed on January 19, 2012, shows that a person named Louis Palama was convicted of driving without a license. Palama stipulated that Exhibit P-6 is a video that shows him being sentenced in Cr. No. 10-1-0283. Palama's conviction in Cr. No. 10-1-0283 was affirmed by this court in appeal No. CAAP-12-0000049 on June 5, 2013. This evidence supports a finding that Palama had a conviction for driving without a license on January 19, 2012.

Palama's convictions on January 19, 2012 and May 8, 2014 constitutes two prior convictions for the same offense in the preceding five year period to the instant offense, within the meaning of HRS § 286-136(b) (2005 Repl.). State v. Vierra, 118 Hawaiʻi 259, 267, 188 P.3d 773, 781 (App. 2008). Therefore, Palama was subject to sentencing to a "minimum fine of $500 and a maximum fine of $1,000, or imprisoned not more than one year, or both," pursuant to HRS § 286-136(b), which constitutes a misdemeanor. HRS § 706-663 (2014 Repl.).

Palama's conviction on May 8, 2014 for violating HRS § 431:10C-104 constituted a prior conviction for the same offense in the preceding five year period to the instant offense, within the meaning of HRS § 431:10C-117(a)(2)(B), (a)(3)(A)(ii), and (a)(5).

Contrary to Palama's claim, Plaintiff-Appellee State of Hawaiʻi (**State**) disproved that Palama was exempt from licensure under HRS § 286-105. Palama was observed driving a Ford pick up truck by a Honolulu Police Department (**HPD**) officer. Thus, the State disproved that HRS § 286-105(2), "driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway," applied to Palama. Michael Drake, a supervising driver's license examiner for the County of Kauaʻi, testified that he maintains the records for Hawaiʻi driver's licensing in the County of Kauaʻi and that the records showed that Palama's license was cancelled and that Palama did not have a license on March 13, 2015, the date the citation was

issued. Palama told the HPD officer that he had a Kingdom of Atooi license, that he did not have a State of Hawai'i license, and could not provide a license from the Commonwealth of Puerto Rico or anywhere else. See HRS § 286-105(3). Therefore, the State disproved that HRS § 286-105(1), (3), (4), and (5) applied to Palama.

Therefore,

IT IS HEREBY ORDERED that the "Judgment and Notice of Entry of Judgment," filed on November 12, 2015 in the District Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 22, 2016

On the briefs:

Katherine A. Caswell
for Defendant-Appellant.

Tracy Murakami
Deputy Prosecuting Attorney
County of Kaua'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge